UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON LEE JONES,<br><br>            Plaintiff,<br><br>    vs.<br><br>JAMES HARTLEY, et al.,<br><br>            Defendants. | 1:13-cv-01590-AWI-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 10.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.      BACKGROUND**

Vernon Lee Jones ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2013. (Doc. 1.) The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on May 8, 2014, requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only with the claims found cognizable by the court. (Doc. 9.) On May 23, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 10.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.  SUMMARY OF FIRST AMENDED COMPLAINT**

The events at issue in the First Amended Complaint allegedly occurred at Avenal State Prison (ASP) in Avenal, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Warden James Hartley and Doe Defendants #1-10. Plaintiff's factual allegations follow, in their entirety.

> "On 3/12/08, Plaintiff, who is black, was transferred to ASP. Since 2006, ASP has known that segments of the inmate population were at greater risk for contracting valley fever. Prisoners are dying because they are in a toxic environment, which causes serious illness and death on a regular basis; and the defendants had done virtually nothing until the federal court ordered them to get

> the black inmates out of ASP and Pleasant Valley prisons. Both prisons pose a public health emergency. Defendant Hartley knew about the risks of Plaintiff contracting valley fever at the time he ordered the watering of the grass at ASP to cease. Only after Plaintiff and others contracted valley fever did Defendant Hartley resume watering the grass. Defendant Hartley knew that watering the lawns helped to alleviate the dust problem, and it would help to minimize the risks of contracting valley fever for inmates and staff.
>
> Defendant Warden Hartley and Does 1-10 demonstrated deliberate indifference to Plaintiff's health by increasing the risk of exposure to valley fever when he ordered the watering of the lawns to cease. As a result, Defendant Hartley failed to protect. Plaintiff has indeed suffered injury, as Plaintiff was diagnosed with valley fever in March 1009 at a level (titer) of 1:8. (Also see Fresno Bee, Tuesday, April 30, 2013, re article on Valley Fever, Public Health Emergency.)"

(First Amended Complaint, Doc. 10 at 3-4 ¶IV.) Plaintiff requests monetary damages, costs of suit, and attorney's fees.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.  Eighth Amendment Claims

To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and

excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Courts have yet to find that exposure to valley fever spores presents an excessive risk to inmate health. King v. Avenal State Prison, 1:07-cv-01283-AWI-GSA-PC, 2009 WL 546212, *4 (E.D. Cal. Mar 4, 2009); see also Tholmer v. Yates, 1:06-cv-01403-LJO-GSA-PC, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.") Therefore, exposure to, and contraction of valley fever, without more, has not been found to rise to the level of a cognizable constitutional violation.

Recently, in addressing a claim that CDCR officials are responsible for the contraction of Valley Fever by knowingly housing an African-American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Yousseff, No. 1:13-cv-00357-AWI-JLT, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015).

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "[T]he officials' conduct must constitute 'unnecessary and wanton infliction of pain' before it violates the Eighth Amendment." Hallett, 296 F.3d at 745 (quoting Estelle, 429 U.S. at 104). Before it can be said

that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). See also Toguchi, 391 F.3d at 1060. Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986).

**Discussion**

In the court's screening order of May 8, 2014 in this action, the court found that liberally construed, Plaintiff stated a cognizable claim in the original Complaint against defendant Warden Hartley because he alleged that Warden Hartley should have known of the danger to Plaintiff, yet disregarded that danger. (Doc. 9 at 3:1-3.) Plaintiff's allegations against Warden Harley have not materially changed in the First Amended Complaint. However, upon review of Plaintiff's allegations in light of recent case law discussed above, the court cannot find that Warden Hartley's actions rise to the level of deliberate indifference. Plaintiff fails to demonstrate that his conditions of confinement at Avenal State Prison raised the risk of his exposure to Valley Fever substantially above the risk experienced by the communities surrounding the prison.

Plaintiff alleges that "Defendant Hartley knew about the risks of Plaintiff contracting valley fever at the time he ordered the watering of the grass at ASP to cease." (First Amended Complaint at 4 ¶IV.) However, these allegations do not demonstrate that defendant Hartley acted with deliberate indifference, even if he knew that watering the grass would reduce airborne dust possibly containing Valley Fever spores. Deliberate indifference requires knowledge of an "excessive risk" to an inmate's health, but no courts have found that exposure to Valley Fever spores at the level experienced by the community at large presents an "excessive risk" to inmate health. Plaintiff has not alleged facts showing that defendant Hartley's actions raised Plaintiff's risks of contracting Valley Fever substantially above the risks in the surrounding community.

Plaintiff's medical claim fails because he has not alleged any facts about his medical treatment.

Therefore, the court finds that Plaintiff fails to state a cognizable Eighth Amendment claim in the First Amended Complaint. Plaintiff shall be granted another opportunity to amend the complaint to cure the deficiencies in this claim found by the court.

### B. Doe Defendants

Plaintiff names Doe defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### C. Claim for Attorney's Fees

In addition to money damages, Plaintiff seeks costs of suit and attorney's fees. "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails in this case is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Plaintiff shall be granted another opportunity to amend the complaint. Plaintiff has leave to file a Second Amended Complaint curing the deficiencies

found by the court in this order, within thirty days. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 556 U.S. at 676; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). Under § 1983 there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. <u>Iqbal</u> at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must <u>name</u> the individual defendant, <u>describe</u> where that defendant is employed and in what capacity, and <u>explain</u> how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims arising after he filed the initial Complaint on October 3, 2013. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on May 23, 2013, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the court in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-01590-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 18, 2015**         /s/ Gary S. Austin
                       UNITED STATES MAGISTRATE JUDGE